UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WILLIAMSON + COMPANY, LLC<br>D/B/A THE NEW YORK AVENUE CORRIDOR<br>DEVELOPMENT VENTURE, LLC.<br>15480 Annapolis Road, Suite 202-186<br>Bowie, MD  20715<br><br>          Plaintiff,<br><br>v.<br><br>AML & ASSOCIATES, INC.<br>953 South Stonehedge Lane<br>Plantine, IL  60067<br><br><br>RESIDENTIAL TITLE SERVICES, INC.<br>1910 South Highland Avenue, Suite 202<br>Lombard, IL  60148<br><br>          Defendants. | *<br>*<br>*<br>*<br>*<br>*   CIVIL ACTION NO.<br>*<br>*<br>*<br>*<br>*<br>* |

## COMPLAINT

COMES NOW, Plaintiff, WILLIAMSON + COMPANY, LLC, (hereinafter referred to as "*Plaintiff*" or "Williamson"), by and through its Counsel, and institutes this action against Defendants for their breach of contract and breach of fiduciary duty causing injury to Plaintiff.

### I.     Jurisdiction

1.     This court has jurisdiction of this action pursuant to 28 U.S.C.A Section 1332 in that the matter is between citizens of different States and the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

II. **The Parties**

2. Plaintiff is a Maryland limited liability company with a principal place of business in Maryland.

3. Defendant AML & Associates, Inc. is an Illinois corporation with its principal place of business located in Plantine, IL.

4. Defendant Residential Title Services, Inc. is an Illinois corporation with its principal place of business located in Lombard, IL.

5. Venue is invoked pursuant to 18 U.S.C.A. Section 1391.

III. **Statement of Facts**

6. In April of 2007, Plaintiff began negotiating a Loan Commitment with Defendant AML & Associates, Inc. to finance acquisition and development of real property located in the District of Columbia. Defendant AML purported to be a private commercial lending firm funding loans in the United States and abroad and that it could provide funding necessary to finance the acquisition and development of the District of Columbia property.

7. Defendant AML represented to Plaintiff that it offered clients Commercial Lending Programs, including obtaining a Stand By Letter of Credit (SBLC) to take an asset to trade, or to help a client get funding for a development project.

8. After weeks of negotiations between Plaintiff and Defendant AML, Plaintiff, in anticipation of receiving a Loan Commitment, and prior to the execution of the final version of the Loan Commitment, on May 4, 2007, transferred to Defendant Residential Title Services, Inc., the sum Four Hundred Thousand Dollars ($400,000.00) as a deposit required by the then unexecuted Loan Commitment between the parties.

9. On May 5, 2007, Plaintiff and Defendant AML transmitted to Defendant Residential Title Services, Inc., a Strict Joint Order Escrow directing Residential to place the monies in escrow and further directing Defendant Residential not to release the monies "until a Letter of Undertaking is presented as per the contract Sec. C between AML and Williamson Company, LLC".

10. On or about June 4, 2007, Plaintiff executed a Loan Commitment to provide financing in the amount of $20,028,750.00 (collectively referred to as "the Commitment(s)") by AML. The referenced loan had a term of one (1) year. The applicable interest rate for the Loan was twelve and one-fourth percent (12.25%) per annum.

11. The Loan Commitment, as anticipated by Plaintiff in May when it forwarded monies to Residential, also provided for the payment of a Four Hundred Thousand Dollars ($400,000) deposit for the preparation of the Loan Commitment, site inspection, and initial monetary commitment, which was not refundable. Moreover, the Commitment provided that a fee equal to eight percent (8%) of the Loan Amount would be paid to AML from the loan proceeds at closing.

12. In late June, Plaintiff, having not yet closed pursuant to the Loan Commitment, telephoned Defendant Residential's Illinois office and learned that the deposit had been released by Defendant Residential to Defendant AML.

13. Thereafter, Defendant Residential communicated with Plaintiff by letter dated June 28, 2007, and indicated that on "May 11, 2007 we (Residential) were presented with a Standby Letter of Credit for 20,000,000.00 from AML & Associates which was to be provided by Asset Provider Group and issued by HSBC Bank of

London". Anthony J. Krolak, the letter's author, went on to state to Plainitff that "I have garnered from our conversation that your firm was not presented this letter and after some time have entered into a separate agreement with AML & Associates for a different product".

14.     Defendant AML falsified documents necessary to access monies in escrow with Defendant Residential within seven (7) days after the monies were placed in escrow and prior to even delivering a Loan Commitment to Plaintiff.

15.     Defendant AML's act of fraud would not have been possible but for the fact that Defendant AML and Defendant Residential do not operate in an arms length fashion arising out of their physical proximity and their familiarity with one another.

16.     Defendant AML knew that Defendant Residential wanted to maintain it as a client and that Defendant Residential would not exercise care and diligence in the examination of fraudulent documents proffered by Defendant AML.

17.     Defendant Residential had a duty to Plaintiff to carefully examine the Standby Letter of Credit and all other documents produced by Defendant AML and breached that duty based on its casual and familiar relationship with Defendant AML.

18.     On July 20, 2007, Defendant AML, Defendant Residential and Plaintiff entered into a settlement and release agreement providing that AML would pay Plaintiff Four Hundred Thousand Dollars ($400,000.00) in two (2) installments and that failure to pay the agreed upon funds would result in breach of contract.

19.     As of the date of this Complaint, Plaintiff has been paid no monies pursuant to the July 20, 2007, settlement and release agreement.

## COUNT ONE

### DEFENDANT AML'S BREACH OF CONTRACT

20.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 19 of the Complaint with the same force and vigor as if set out in full.

21.    Plaintiff entered into an Agreement with Defendant AML on July 20, 2007. Defendant AML received good and valuable consideration for the promises made in the Agreement.

22.    Under the terms of the Agreement, AML was to pay Plaintiff as follows: "(a) $200,000 upon execution of this Agreement and (b) $200,000 on August 21 2007 on or before August 21, 2007 via electronic funds transfer and upon receipt of the executed Release." Agreement at page 2 of 2.

23.    The Agreement with Defendants provided that should Defendant AML miss the August 21, 2007 deadline to pay Plaintiff, that Defendants would be in breach of contract.

24.    Plaintiff fulfilled all obligations to be performed by Plaintiff as set forth in the Agreement with Defendant AML.

25.    Defendant AML has breached the mentioned Agreement with Plaintiff by not paying $200,000 upon execution of the Agreement between the parties and by not paying Plaintiff $200,000 on August 21, 2007 on or before August 21, 2007 via electronic funds transfer and upon receipt of the executed Agreement.

26. Plaintiff has made demand on Defendant AML for payment of the monies due and owing Plaintiff, but Defendant AML has refused and continues to refuse to pay Plaintiff monies under the Settlement Agreement.

**WHEREFORE**, Plaintiff, by counsel, requests that this Court enter judgment against Defendant in the amount of Four Hundred Thousand Dollars ($400,000.00), with interest at the legal rate from August 21, 2007, reasonable attorney's fees incurred by Plaintiff in the prosecution of this matter, costs and expenses incurred by Plaintiff in the prosecution of this matter, and such other and further relief as may be appropriate.

## COUNT TWO

### DEFENDANT RESIDENTIAL'S BREACH OF IMPLIED CONTRACT

27. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 26 of the Complaint with the same force and vigor as if set out in full.

28. Plaintiff sues Defendant Residential for breach of an implied contract and states that acting pursuant to what Plaintiff believed to be a valid agreement when it transferred to Residential Title Services, Inc., Four Hundred Thousand Dollars ($400,000.00) as a deposit required by the then unexecuted Loan Commitment between the Plaintiff and Defendant AML, and directing Defendant Residential to place the monies in escrow and not to release the monies "until a Letter of Undertaking is presented as per the contract Sec. C between AML and Williamson Company, LLC".

29. Plaintiff has fulfilled all obligations to be performed by Plaintiff as set forth in the Agreement with Defendant Residential having a reasonable value of Four Hundred Thousand Dollars ($400,000.00).

30. Despite demand, Defendant has not made payment of the indebtedness to Plaintiff, and Plaintiff has been damaged as a result.

**WHEREFORE**, Plaintiff, by counsel, requests that this Court enter judgment against Defendant in the amount of Four Hundred Thousand Dollars ($400,000.00), with interest at the legal rate from May 11, 2007, reasonable attorney's fees incurred by Plaintiff in the prosecution of this matter, costs and expenses incurred by Plaintiff in the prosecution of this matter, and such other and further relief as may be appropriate.

## COUNT THREE

### DEFENDANT RESIDENTIAL'S BREACH OF FIDUCIARY DUTY

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of the Complaint with the same force and vigor as if set out in full.

32. The defendant Residential has violated its fiduciary duty of care, loyalty, candor and independence owed to Plaintiff and has acted to put Defendant AML's interest ahead of the interest of Plaintiff.

33. By the acts, transactions and courses of conduct alleged herein, defendant, individually and acting as part of a common plan, unfairly deprived Plaintiff of the opportunity to acquire and develop the premises located in the District of Columbia. Defendant Residential violated its fiduciary duty by maliciously engaging in wrongful actions with Defendant AML without regard to the fairness of the actions to Plaintiff.

34. As demonstrated by the allegations above, Defendant Residential failed to exercise the care required and breached its duty of loyalty, good faith, candor and independence owed to Plaintiff by among other reasons:

(a) failing to implement procedures reasonably calculated to protect Plaintiff;

(b) failing to adequately disclose to Plaintiff all material information in connection with the disbursement of funds; and

(c) ignoring or not protecting against the numerous conflicts of interest resulting from the close personal relationship and physical proximity to Defendant AML.

35. By reason of the foregoing acts, practices and course of conduct, the Defendant Residential has failed to exercise ordinary care and diligence in the exercise of its fiduciary obligation toward Plaintiff and said actions were the proximate cause of Plaintiff's injury.

36. Defendant Residential engaged in self-dealing, did not act in good faith toward Plaintiff, and breached its fiduciary duty to Plaintiff and thereby damaged Plaintiff. Moreover, said acts were performed willfully and maliciously, with reckless disregard for Plaintiff's rights.

WHEREFORE, Plaintiff, by counsel, requests that this Court enter judgment against Defendant in the amount of Four Hundred Thousand Dollars ($400,000.00), with interest at the legal rate from May 11, 2007, reasonable attorney's fees incurred by Plaintiff in the prosecution of this matter, costs and expenses incurred by Plaintiff in the prosecution of this matter, and such other and further relief as may be appropriate. Plaintiff also seeks Exemplary damages in the sum of Five Hundred Thousand Dollars ($500,000.00) for the willful and malicious acts of Defendant Residential.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by Jury for each and every claim stated herein.

Respectfully submitted,

**WILLIAMSON + COMPANY, LLC**
**D/B/A THE NEW YORK AVENUE CORRIDOR**
**DEVELOPMENT VENTURE, LLC.**

By Counsel

**PERRY & ASSOCIATES, PLLC**

By: _/s/ Chalfrantz E. Perry_

Chalfrantz E. Perry, Esq.
D.C. Bar No. 377364
505 Capitol Court, NE
Suite 100
Washington, DC 20002
Direct Line: (202)506-8122
efax: (301)560-5750
Chalfrantz@perrypllc.com

**Counsel for Plaintiff**

9

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Williamson + Company, LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **88888**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
AML & Associates, Inc. et al

COUNTY OF RESIDENCE OF FIRST LISTED DEFANDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Chalfranz E. Perry, 609 Capitol Court
NE, Suite 100, WDC 20002  (202) 544-8122
(202) 560-5450

Case: 1:08-cv-01390
Assigned To : Sullivan, Emmet G.
Assign. Date : 8/11/2008
Description: Contract

**JURY ACTION** (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF (DIVERSITY CASES ONLY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. *Antitrust*
☐ 410 Antitrust

### ☐ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255* <br> ☐ 530 Habeas Corpus-General <br> ☐ 510 Motion/Vacate Sentence | ☐ H. *Employment Discrimination* <br> ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) <br><br> *(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT* <br> ☐ 895 Freedom of Information Act <br> ☐ 890 Other Statutory Actions (if Privacy Act) <br><br> *(If pro se, select this deck)* | ☐ J. *Student Loan* <br> ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)* <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Labor Railway Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)* <br> ☐ 441 Voting (if not Voting Rights Act) <br> ☐ 443 Housing/Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights <br> ☐ 445 American w/Disabilities-Employment <br> ☐ 446 Americans w/Disabilities-Other | ☒ M. *Contract* <br> ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholder's Suits <br> ☒ 190 Other Contracts <br> ☐ 195 Contract Product Liability <br> ☐ 196 Franchise | ☐ N. *Three-Judge Court* <br> ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USCA 1332 Diversity of Citizenship Breach of Contract

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES   ☒ NO   If yes, please complete related case form.

DATE 8/11/08   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.